## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **WB MCDONALD,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. -_____** |
| | § | |
| **INTERNATIONAL BUSINESS** | § | |
| **MACHINES,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now WB McDonald, Plaintiff herein, to submit her original complaint against Defendant, International Business Machines (IBM), and would respectfully show unto the Court as follows:

### I. PARTIES

1.01    Plaintiff, is a resident of the City of Allen, Collin County, Texas.

1.02    Defendant, IBM, is an entity formed under the laws of the state of New York doing business in Dallas County, Texas. Defendant may be served by serving a copy of the summons and complaint by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste 900, Dallas, TX 75201.

### II. VENUE

2.01    Plaintiff's causes of action arose within the geographic area over which this Court has jurisdiction as both jurisdiction and venue are proper in this court. Additionally, this Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§1331, 1343, 1367 and Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e *et seq.*, 29 U.S.C. § 2601 of

the Family Medical Leave Act, and the Texas Commission on Human Rights Act (TCHRA) which prohibit discrimination based upon sex.

### III. STATEMENT OF FACTS

3.01    Plaintiff worked for Defendant as a data analyst. During his tenure with Defendant, Plaintiff performed his duties for Defendant competently and diligently while eventually advancing to the level of lead sales representative.

3.02    In addition to his salary, Plaintiff was provided with benefits in the form of health insurance, life insurance, paid vacations, sick leave, personal leave, and disability.

3.03    After years of service, Plaintiff was notified that he would be terminated from IBM effective April 3, 2024. Prior to his termination date, Plaintiff was subject to discrimination based upon his race, African-American, and on the basis of a perceived and/or actual disability. The discrimination began on or about September 1, 2023, and continued through Plaintiff's date of termination.

3.04    Specifically, IBM continually, and without justification, created a hostile working environment by subjecting Plaintiff to harsh scrutiny and greater discipline as compared to Plaintiff's co-workers. Because the hostile working environment did not cease, Plaintiff took medical leave to care for his health and was subsequently diagnosed with a heart condition.

3.05    Prior to taking leave, Plaintiff's supervisors presented him with a performance improvement plan (PIP). Plaintiff was never released by his treating physicians to return to work. Despite the fact that he was not released, Defendant notified Plaintiff that he must return to work by March 14, 2024, or be terminated. Plaintiff, despite his health condition, returned to work on March 14, 2024, to save his job.

3.06    Upon his return to work, Defendant attempted to re-institute the performance improvement plan. Plaintiff refused to acknowledge the re-instatement of the PIP.  Defendant also re-adjusted Plaintiff's H1 2023 performance review details from positive to negative despite the fact that Plaintiff had already received his bonus for his performance in 2023. The contradiction and change of review details after the fact was a clear retaliatory measure Plaintiff refusing to acknowledge the unwarranted PIP which he complained was due to his race.

3.07    On March 27, 2023, Plaintiff's supervisor informed him that since the PIP was a condition of his employment, and since Plaintiff refused to work under the PIP, the company would be terminating him. As noted previously, Mr. McDonald's this termination was effective April 3, 2024.

3.08 In summary, Plaintiff was unjustly terminated, discriminated against on the basis of his race, African-American, discriminated against on the basis of a perceived disability, subjected to hostile working environment, retaliated against and denied FMLA after suffering the following incidents:

1) Failing to treat Plaintiff as it treated its other data analysts due to race and subjecting him to greater performance requirements compared to his peers;

2) Subjecting Plaintiff to a hostile work environment as a result of regularly practiced race discrimination and disability discrimination;

3) Consistently subjecting Plaintiff to close scrutiny and counseling with respect to Plaintiff's performance and work hours, without just cause and for the sole purpose of harassing Plaintiff;

4) Retaliating against Plaintiff for filing for complaining about Defendant's discriminatory conduct;

5) Knowingly denying Plaintiff's rights under the FMLA;

and

6) Terminating Plaintiff based upon his race and perceived disability

## IV. PLAINTIFF'S CAUSES OF ACTION

### A. *Discrimination Based Upon Disability, Harassment & Hostile Work Environment*

4.01    The foregoing paragraphs of this Complaint are incorporated in this cause by reference as fully as if set forth at length herein.

4.02    This action is brought under the Americans with Disabilities Act which prohibits discrimination based upon an actual or perceived disability. In the instant case, such discriminatory practices occurred in Collin County, Texas. All procedural requirements by both state and federal law to bring this action within the jurisdiction of this Court have been met, as waivers and notice of right to sue have been obtained from the United States Government through its agent, the Equal Employment Opportunity Commission. (Said waivers are attached to this Complaint as Exhibit "A" and incorporated thereby as if fully set forth at length herein.)

4.03    Plaintiff was an employee of Defendant who discrimination and a hostile work environment at the hands of his supervisor.

4.04    Defendant, through its agents, has consistently applied its employment policies in a manner that is detrimental to Plaintiff.

4.05    Specifically, Defendant, by and through its agents, directed created a hostile work environment for Plaintiff by increasing Plaintiff's performance standards even after knowing Plaintiff took leave for a heart condition. In addition, Defendant violated Plaintiff's employment rights by ultimately terminating Plaintiff despite his health condition.

4.06    Although Defendant was clearly aware of its discriminatory practices, it failed to take any effective steps whatsoever to protect Plaintiff from the harassment and hostile working environment.

4.07    As a direct and proximate result of Defendants' intentional breach of ADA and of the laws of the State of Texas which prohibit discriminatory employment practices, Plaintiff has suffered actual damages in excess of the minimal jurisdictional limits of the Court.

### B. Violation of the Families Medical Leave Act

4.08    This action is brought under the Family Medical Leave Act ("FMLA") which allows participants to receive unpaid leave to care for themselves or family members under severe health issues. In the instant case, Plaintiff attempted to take leave to care for his heart condition. Rather than recognize the need for Plaintiff's potential to take unpaid leave, Plaintiff's supervisor campaigned to discredit Plaintiff's working abilities and ultimately terminated Plaintiff due to taking leave. Furthermore, Defendant forced Plaintiff to come back to work, despite not being released from Plaintiff's healthcare provider, to return to work.

4.09    Although Defendant was clearly aware of its ongoing and continuous unlawful practices, it failed to take any effective steps whatsoever to protect Plaintiff from unlawful violations of the FMLA.

4.10    As a direct and proximate result of Defendant's intentional breach of the FMLA, which prohibit the foregoing discriminatory employment practices, Plaintiff has suffered actual damages in excess of the minimal jurisdictional limits of the Court.

### C. *Discrimination Based Upon Race, Harassment & Hostile Work Environment*

4.11    This action is brought under Title VII of the Civil Rights Act of 1964 which prohibits discrimination based upon race. In the instant case, such discriminatory practices occurred in Collin County, Texas. All procedural requirements by both state and federal law to bring this action within the jurisdiction of this Court have been met, as waivers and notice of right to sue have been obtained from the United States Government through its agent, the Equal Employment Opportunity Commission. (Said waivers are attached to this Complaint as Exhibit "A" and incorporated thereby as if fully set forth at length herein.)

4.12    In addition to the foregoing acts of discrimination based upon disability, Plaintiff suffered harassment and a hostile work environment at the hands of his supervisor based upon her race, African-American.

4.13    Defendant, through its agents, consistently applied an employment policy in a manner that is detrimental to Plaintiff due to Plaintiff's race.

4.14    Specifically, Defendant, by and through its agents, over a recent period has intentionally directed the termination of African-American employees. Accordingly, Defendant violated Plaintiff's employment rights by ultimately terminating Plaintiff without cause.

4.15    As a direct and proximate result of Defendant's intentional breach of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and of the laws of the State of Texas which prohibit discriminatory employment practices, Plaintiff has suffered actual damages in excess of the minimal jurisdictional limits of the Court.

### D. *Retaliation*

4.16    Defendant has further engaged in a continuing pattern of discriminatory conduct against Plaintiff in retaliation for him having opposed employment practices of Defendant unlawful under Title VII and Texas state laws in the following and other respects:

1)  Engaging in a pattern of retaliatory actions aimed at Plaintiff after he went on medical leave;

2)  Ultimately terminating Plaintiff for bringing such complaints

4.17 Defendant and its employees engaged in the conduct described above in Paragraph 4.16 with malice and/or reckless disregard for Plaintiff's federal employment rights. These actions were further taken in retaliation for Plaintiff's refusal to abide by acts of discrimination and complaining of harassment and discriminatory acts against him in clear violation of Title VII and Texas state law.

4.18    Plaintiff has no plain or adequate remedy at law to correct the wrongs complained of herein, and has thus instituted this suit for equitable and legal damages, including compensatory and punitive damages, provided under Title VII, as amended, and declaratory relief.

## V. REQUEST FOR JURY TRIAL

5.01 Plaintiff asserts its right to a trial by jury pursuant to Fed. R. Civ. P. 38(b) and 39(a).

**WHEREFORE**, premises considered, Plaintiff respectfully requests that Defendant, International Business Machines Corporation, be cited to appear and answer and that Plaintiff shall have the following relief against Defendant.

1.    Actual damages in excess of the minimum jurisdictional limits of this Court for lost wages, bonuses and benefits, plus interest at the legal rate;
2.    An award of pre-judgment and post judgment interest on all amounts awarded pursuant to Plaintiffs claims;

3.     Award Plaintiff his attorney fees, including litigation expenses, and the costs of this action;

4.     An award of punitive damages;

5.     Costs of Court; and

6.     Such other and further relief to which Plaintiff may be justly entitled.


Respectfully Submitted,

THE WILEY LAW GROUP PLLC


By: _____

Kevin S. Wiley, Jr.
State Bar No. 24029902
325 N. St. Paul St.
Suite 4400
Dallas, TX 75201
Tel. (469) 619-5721
Fax (469) 619-5725
kevinwiley@lkswjr.com

**ATTORNEYS FOR PLAINTIFF
WB MCDONALD**

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**El Paso Area Office**
100 N. Stanton Street, Suite 600
El Paso, TX  79901
(800) 669-4000
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/23/2025

**To:** Mr. WB McDonald
110 Cordero Trl.
Wylie, TX 75098

Charge No: 450-2024-06630

EEOC Representative and email:    Erica Salas
Investigator
erica.salas@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 450-2024-06630.

On behalf of the Commission,

Digitally Signed By:Elizabeth Porras
06/23/2025

---

Elizabeth Porras
Area Office Director

**Cc:**
Talley Parker
Jackson Lewis PC
500 N. Akard St., Ste. 2500
Dallas, TX 75201

Vernida Howard
Jackson Lewis PC
500 N. Akard St., Ste. 2500
Dallas, TX 75201

Kevin S Wiley Jr.
The Wiley Law Group PLLC
325 N. Saint Paul St., Ste. 4400
Dallas, TX 75201


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 450-2024-06630 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 450-2024-06630 to the District Director at Travis Nicholson, 207 S. Houston Street 3rd Floor, Dallas, TX 75202.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

Enclosure with EEOC Notice of Closure and Rights (01/22)

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.